IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 16-cv-2093

**BAILEY SECRIST**,

      Plaintiff,

v.

**USAA CASUALTY INSURANCE COMPANY, a foreign corporation licensed to conduct business in Colorado.**
      Defendant.

---

### COMPLAINT

---

      **COMES NOW** the Plaintiff, **Bailey Secrist,** by and through her attorneys, Collin Joseph Earl, Esq., and Ryan Thomas Earl, Esq., of *Earl & Earl, PLLC.,* and for her Complaint against the Defendant, **USAA CASUALTY INSURANCE COMPANY, a foreign corporation licensed to conduct business in Colorado,** alleges and avers as follows:

### **IDENTIFICATION OF PARTIES**

      1.     At all times pertinent hereto, Plaintiff, Bailey Secrist (hereinafter referred to as Ms. Secrist), was a resident of the City of Arapahoe, County of Aurora, State of Colorado.

      2.     Upon information and belief, at all times relevant to this action, Defendant, USAA Casualty Insurance Company (hereinafter referred to as Defendant USAA), a foreign corporation licensed to conduct business in Colorado.

## JURISDICTION AND VENUE

*3.*     Plaintiff incorporate herein by reference the relevant and needed allegations set forth with specificity in all preceding paragraphs of this Civil Complaint as if set forth *verbatim.*

4.     Article VI, Section 9 of the Constitution of the State of Colorado provides that the District Court shall be the trial court of record with general jurisdiction and shall have original jurisdiction of all civil, probate and criminal cases, except as otherwise provided by statute and shall have such jurisdiction as may be prescribed by law.

5.     Venue and jurisdiction based on the filing of the Complaint is proper in the United States District Court for the District of Colorado pursuant to 28 U.S. Code 1332.

6.     The Underinsured Motorist contract of insurance was entered into between Plaintiff and Defendant USAA in the State of Colorado.

7.     This is an action for damages in excess of the sum of $75,000.00, exclusive of cost, interest and attorney's fees.

## FACTUAL ALLEGATIONS

8. Plaintiff re-alleges all previous allegations and statements of this Complaint and hereby incorporates all preceding allegations and statements as if fully set forth herein.

9. This Complaint arises from a motor vehicle accident which occurred on July 26, 2011, in which Ms. Secrist was injured in Aurora, Colorado.

10.     Ms. Secrist was the properly restrained passenger of a 2007 Nissan Murano. Plaintiff were traveling northbound on S. Buckley though the intersection of

East Wagon Trail. Cassandra Schmid also was approaching the intersection of E. Wagon Trail and S. Buckley attempting to turn on to East Wagon Trail. Cassandra Schmid turned in front of Plaintiff and her mother.

11.   The Torfeasor, Cassandra Schmid failed to keep proper look out and failed to give the right away to oncoming traffic and turned in front of Plaintiffs' vehicle that was coming through the same intersection, thus being struck by the Plaintiffs on the passenger side.  The tortfeasor and vehicle were insured by GECIO Insurance.

12. Plaintiff has resolved her claims against the tortfeasor for the policy limits and received permission from Defendant USAA to settle with the tortfeasor's carrier, GEICO.

13. A copy of the traffic accident report is attached hereto as **Exhibit 1**.

14. Ms. Secrist has an Under Insured Motorist (hereinafter UIM) policy with USAA which was in force and effect at the time of the motor vehicle accident.

15. The USAA policy provides UIM benefits of $500,000.00 per person/$1,000,000.00 per accident.  See **Exhibit 2**

16. Ms. Secrist has been unable to reach an agreement with USAA regarding the amount of damages.

17. As a result of the motor vehicle accident, Ms. Secrist has sustained serious personal injuries.

18. As a further direct and proximate result of the motor vehicle accident, Ms. Secrist has sustained past and future non-economic losses, including, but not limited to:  pain and suffering, inconvenience, loss of enjoyment of life, emotional distress; past and future economic losses including medical and rehabilitation expenses,

vocational rehabilitation expenses, impairment of earning capacity, loss of time, and lost wages; and past and future physical impairments.

19. Further, Ms. Secrist has incurred over $204,361.49 in past medical expenses. Ms. Secrist is still receiving medical treatment and will incur future medical and rehabilitation expenses.

20. Two different IMEs opining on extent of Ms. Secrist's injuries have been provided. As has an economic loss report detailing Ms. Secrist's potential losses.

21. Defendant has refused tender the limits of their policy and refuses to explain how they came to their conclusions. Therefore, Plaintiff has been forced to file this lawsuit, and thereby dilute her UIM benefits in order to seek full compensation for her injuries that she suffered as a result of the motor vehicle accident.

22. Under Colorado Law, "A first-party claimant ...whose claim for payment of benefits has been unreasonable delayed or denied may bring an action in district court to recover reasonable attorney fees and court costs and two times the covered benefit". *Colo. Rev. Stat.* §10-3-1116.

23. Defendant USAA has unreasonably breached its insurance contract and has unreasonably delayed and denied Ms. Secrist's claim.

## FIRST CLAIM FOR RELIEF
### Plaintiff Bailey Secrist
### *Breach of Contract by Defendant*
### *USAA Mutual Automobile Insurance Company*

24. Plaintiff re-alleges all previous allegations and statements of this Complaint and hereby incorporates all preceding allegations and statements as if fully set forth herein.

25. Plaintiff Bailey Secrist is the named insured on a contract of insurance between USAA and Plaintiff.

26. Plaintiff Ms. Secrist is a beneficiary of the contract of insurance between Plaintiff and USAA.

27. USAA has refused to provide Ms. Secrist with certain UIM benefits pursuant to the contract of insurance.

28. As a result of Defendant USAA's breach of its contract with Ms. Secrist, Plaintiff has suffered the aforementioned damages, including, without limitation, non-payment of UIM limits for Ms. Secrist; statutory interest on Ms. Secrist's UIM benefits from the date of the accident to present; statutory interest over her UIM limits; reasonable costs; reasonable attorney's fees; and other economic losses resulting from his unpaid UIM benefits that was required to be paid under the UIM provisions of her UIM auto insurance policy.

## SECOND CLAIM FOR RELIEF
### *Plaintiff Bailey Secrist Unreasonable Breach of Contract by USAA Mutual Automobile Insurance Company*

29. Plaintiff re-alleges all previous allegations and statements of this Complaint and hereby incorporates all preceding allegations and statements as if fully set forth herein.

30. An insurance company owes to those it insures the duty of good faith and fair dealing. That duty is breached if the company unreasonably delays or denies payment of the UIM benefits or engages in unreasonable conduct or assumes an unreasonable position regarding payments of UIM benefits.

31.     "If an insurer lacks a 'reasonable basis' to deny a claim, the claim is not 'fairly debatable.'" Geiger v. American Std. Ins. Co., 192 P.3d 480 (Colo. App. 2008).

32.     Defendant USAA owed duties to Ms. Secrist under the policy's implied covenant of good faith and fair dealing, including the duty to investigate and adjust Ms. Secrist's entitlement to UIM benefits in good faith.

33.     USAA's policy of insurance includes an implied covenant of good faith and fair dealing requiring that USAA would, in good faith and in the exercise of fair dealing, deal with Ms. Secrist fairly and honestly; faithfully perform its duty of representation; and do nothing negligent or willful to impair, interfere with, hinder, or potentially injure his rights to receive UIM benefits of the USAA policy.

34. USAA's failure to act in good faith (not the condition of non-payment) leads to tort liability. *Farmers Group, Inc. v. Trimble,* 691 P.2d 1138 (Colo. 1984). *(See also Colo. Rev. Stat.* §10-3-1116, "A first-party claimant...whose claim for payment of benefits has been unreasonably delayed or denied may bring an action in district court to recover reasonable attorney fees and court costs and two times the covered benefit.") Thus, USAA's continued bad faith denial of UIM benefits established Ms. Secrist's rights to recover under §10-3-1116(1).

35.     Plaintiff Ms. Secrist also suffered non-economic damages, including emotional distress arising out of USAA's unreasonable breach of insurance contract. See *Goodson v. American Standard*, 89 P.3d 409, 412 (Colo. 2004) (holding that "in a tort claim against an insurer for breach of the duty of good faith and fair dealing, the plaintiff may recover damages for emotional distress without proving substantial property or economic loss.")

36.     The following unreasonable conduct by USAA violates the Unfair Claims Practices Act - C.R.S. §10-3-1101 et seq. and caused damages, injuries, and losses to Ms. Secrist, including, but not limited to the following:

A.     Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;

B.     Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

C.     Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

D.     Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;

E.     Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds;

F.     Refusing to pay claims without conducting a reasonable investigation based upon all available information;

G.     Failing to promptly provide a reasonable explanation in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement; and/or

H.     Issuing, soliciting, or using an automobile policy form, endorsement, or notice form that does not comply with statutory mandates.

37. Plaintiff Ms. Secrist submitted reasonable proof of her injuries, damages, and losses, including his likely future medical and rehabilitation bills and past medical and

rehabilitation bills incurred, to USAA.

38. USAA failed to perform its obligations pursuant to the insurance contract, and has willfully and negligently and unreasonably delayed their investigation and, willfully and negligently and unreasonably made decisions adversely affecting Ms. Secrist.

39. By denying and/or delaying payment of his entitlement to her UIM benefits, USAA has acted unreasonably. USAA's conduct alleged herein was purposeful and calculated.

40. Defendant had to have realized that the decision to deny or delay UIM benefits was in direct contravention of their obligations under Plaintiff's insurance contract with Defendant. The denial and/or delays in payment of UIM benefits was done recklessly and with knowledge, either actual or constructive, of the destruction, hassle, and emotional distress that the bad faith denial and/or delays would have on Ms. Secrist.

41. These wanton and reckless acts or omissions by USAA were committed with knowledge and intent and were not contemplated to be in the best interest or within the legal rights of the insured.

42. Further, Defendant USAA's policy is against public policy because it forces the insured to litigate by not allowing the insured to choose arbitration, and allows USAA to collect interest on Ms. Secrist's UIM benefits, and therefore, it dilutes the insured's benefits under USAA's UIM insurance policy.

43. Further, USAA breached its duty of good faith and fair dealing because it unreasonably denied and/or delayed payment of her UIM benefits and USAA knew that

the delay or denial was unreasonable or recklessly disregarded whether its position was unreasonable.

44.  As a result of USAA's unreasonable breach of its insurance contract with Ms. Secrist, Plaintiff has suffered the aforementioned damages, including without limitation, non-payment of UIM limits; economic and non-economic damages including emotional distress caused by USAA's unreasonable breach of contract; statutory interest on his UIM benefits from the date of the accident to present; statutory interest over her UIM limits; reasonable costs; reasonable attorney's fees; and two times the covered benefits.

### THIRD CLAIM FOR RELIEF
*Unreasonable Delay or Denial of Benefits-Entitling First Party Claimant to Recover Reasonable Attorney's Fees and Court Costs, and Two Times the Covered Benefit by Defendant USAA Mutual Automobile Insurance Company*

45.  Plaintiff re-alleges all previous allegations and statements of this Complaint and hereby incorporates all preceding allegations and statements as if fully set forth herein.

46.  On October 15, 2015, Plaintiff submitted a demand for policy limits. On March 31, 2016, USAA made an initial offer in response to the Plaintiffs October 15, 2015 demand in the amount of $60,000.00.

47.  Pursuant to Colo. Rev. Statues 10-3-1116(1), "a first-party claimant whose claim has been unreasonably delayed or denied may bring an action in a district court to recover reasonable attorney fees and court costs and two times the covered benefit."

48.  USAA acted unreasonably in that it unreasonably failed to investigate and adjust for Ms. Secrist's entitlement to UIM benefits in unreasonably delaying and/or

denying payment of her UIM benefits, despite Ms. Secrist providing over $200,000 in past medical billing with the need for future care.

49. As a result of USAA's unreasonable breach of its UIM insurance contract with Ms. Secrist's, Plaintiff has suffered the aforementioned damages, including without limitation, non-payment of UIM limits; economic and non-economic damages including emotional distress caused by USAA's unreasonable breach of insurance contract; statutory interest on his UIM benefits from the date of the accident to present; statutory interest over the UIM limits; reasonable costs; reasonable attorney's fees; and two times the covered benefit.

WHEREFORE, Ms. Secrist prays that judgment be entered in her favor and against USAA Mutual Automobile Insurance Company in an amount that fully and fairly compensates Plaintiff for her injuries, damages and losses, both past and future; for payment of all unpaid UIM benefits to compensate them for her non-economic, economic, and physical impairment damages; double the recovered benefit and reasonable attorney fees and costs incurred in obtaining payment of the UIM benefits by the filing of this action pursuant to Colo.Rev.Stat §10-3-1116; for general damages, including emotional distress resulting from the bad faith breach of insurance contract, in an amount to be determined by the trier of fact; special damages as proved, together with pre-judgment interest from the date of Plaintiff's injuries as described and alleged above; and post-judgment interest as allowed by law. Plaintiff further prays that judgment be entered and that the Court also award costs, expert witness fees, and such other and further relief as this Court may deem just and proper.

Respectfully submitted this 18th day of August, 2016.

> */s/ Collin Joseph Earl, Esq.*
> Collin Joseph Earl, Esq., # 41808
> Ryan Thomas Earl, Esq., # 45910
> *Earl & Earl, PLLC.*
> *1259 Lake Plaza Drive, Ste. 230*
> *Colorado Springs, CO 80906*
> *719-900-2500 Telephone*
> *719-269-8832 Fax*
> *Collin@earlandearl.com*
> ATTORNEYS FOR PLAINTIFF
> *A duly signed original on file at the offices*
> *of Earl & Earl, PLLC.*

Plaintiffs' Address
Bailey Secrist
C/O Earl & Earl, PLLC
1259 Lake Plaza Drive, Ste. 230
Colorado Springs, CO 80906